IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00126-REB-BNB

DOSHA M. LEE,

Plaintiff,

v.

COLORADO DEPARTMENT OF REVENUE,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me pursuant to my Order to Show Cause, issued July 17, 2007 [Doc. #11]. For the following reasons, I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE.

By minute order [Doc. # 10, filed 6/4/2007] this case was set for a scheduling conference on July 17, 2007, at 8:30 a.m. No one appeared at that time, including the plaintiff's counsel, nor did he contact the court.

Pursuant to local rule of practice 41.1, D.C.COLO.LCivR,[1] I ordered the plaintiff to show cause on or before July 31, 2007, why this case should not be dismissed for lack of prosecution

---

[1] Local rule of practice 41.1, D.C.COLO.LCivR, provides:
    A judicial officer may issue an order to show cause why a case
    should not be dismissed for lack of prosecution or for failure to
    comply with these rules, the Federal Rules of Civil Procedure, or
    any court order. If good cause is not shown within the time set in
    the show cause order, a district judge or a magistrate judge
    exercising consent jurisdiction may enter an order of dismissal with
    or without prejudice.

and failure to comply with the order of the court setting the scheduling conference. The plaintiff did not respond to my Order to Show Cause. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with an order of the court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 20, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge